UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACH TUCK,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAPITOL ONE BANK, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-01555-BEN-AGS<br><br>**ORDER DENYING RENEWED APPLICATION TO PROCEED IN FORMA PAUPERIS** |

On August 1, 2017, Plaintiff Zach Tuck ("Tuck") filed this case against Defendants for alleged violations of the Telephone Consumer Practices Act ("TCPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and Fair Credit Reporting Act ("FCRA"). Tuck moves to proceed *in forma* pauperis ("IFP"). (Doc. Nos. 2, 5.) For the reasons stated below, the Court **DENIES without prejudice** Tuck's Application to proceed IFP.

## *STATEMENT OF FACTS*

On August 1, 2017, Tuck, a non-prisoner, proceeding pro se, filed a Complaint in this case asserting the aforementioned violations against Defendants Capitol One Bank ("Capital One"), Portfolio Recovery Associates, LLC. ("Portfolio"), ARS National Services, Inc. ("ARS"), First Source Advantage, LLC. ("First Source"), Trans Union,

1  LLC. ("Trans Union"), Equifax Information Solutions, LLC. ("Equifax"), and Experian
2  ("Experian"). (Doc. No. 1.) Concurrent with his Complaint, Plaintiff filed an
3  Application for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) The IFP
4  Application stated that Tuck had no income, no assets, and $600 in monthly expenses,
5  including $350 in rent. (*Id.* at 4-6.)

Upon review of Tuck's first IFP application, the Court found that it did not satisfy the "particularity, definiteness, and certainty" standard and set it for a hearing on September 1, 2017 so Plaintiff could show cause why the Court should grant his IFP Application. (Doc. No. 4.) Subsequently, Tuck submitted an amended Application for IFP (Doc. No. 5), but failed to appear at the scheduled hearing. In light of him filing an amended IFP Application, the Court excuses his failure to appear. However, Plaintiff is cautioned that attendance at court hearings is not voluntary and future failures to appear may result in sanctions, up to and including dismissal.

## *LEGAL STANDARD*

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civ. L. Rule 4.5(a). However, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015.) "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty. *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 f.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

///

///

## *DISCUSSION*

The Court now considers Plaintiffs Amended Application for IFP. Tuck attempts to correct the deficiencies of his first application by providing a declaration containing a lengthy account of his current family situation and asserts that he is still unemployed, but is looking for regular work. (Doc. No. 5-1 at 2.) After reviewing the Amended IFP Application, the Court finds that it once again fails to demonstrate with sufficient "particularity, definiteness and certainty" that Plaintiff lacks the means to pay the filing fee. Of note, the Court found the Amended IFP Application contained several inconsistencies that conflict with his initial IFP application. Some of the new information that conflicts with the Original IFP Application includes:

- Plaintiff owns two classic cars (*Id.* at 2), neither of which was listed in the Original IFP Application. Tuck claims both cars are currently inoperative and it would not "be cost effective" to sell them in their current condition. (*Id.* at 4.) He also claims that he has experience restoring classic vehicles which he has sold in the past. (Id. at 3.) Plaintiff claims he was so good at restoring vehicles that he was shipping cars to buyers in other countries. (*Id.*)
- Plaintiff does not pay rent to his mother, or presumably, anyone else. (*Id.* at 2.) Yet, he claimed to be paying rent or making home-mortgage payments of $350 per month in the Original IFP Application. (Doc. No. 2 at 4.) In the Amended IFP Application, Tuck alleges that he helps pay his mothers monthly mortgage payment of $1,376 when he is able to do so. (Doc. No. 5 at 4.) Tuck does not provide any information about how often he has helped his mother with the mortgage payment, nor when the last time was.
- Plaintiff claims he trades "care giving for [his] mom for cash and credit card purchases, gas, food and other things [he] need[s] throughout the month." (Doc. No. 5-1 at 4.) Janice Tuck, Plaintiffs mother claims she has loaned her son money and provided him with housing for several months. (Doc.

No. 5-2 at 2.) She further claims to have loaned him $600 to $900 per month, sometimes more, which was not listed in the Original IFP Application. (*Id.*)

- Ms. Tuck also alleges Plaintiff does odd jobs and yard work for their neighbors and repairs his friends cars in exchange for cash. (Id.) Again, not listed in the Original IFP Application.

In addition to the foregoing, Tuck's declaration includes vague references to "one or more" consumer credit cases filed in this Court. In fact, Plaintiff has filed 5 similar cases in the past eight months.[1] Notably, in each of these cases, Plaintiff applied to proceed IFP while stating various amounts of monthly expenses in his IFP applications. As Judge Bashant recently noted, Plaintiff's family "appear to have developed a cottage industry suing their creditors for violations of the TCPA, the FDCPA and the FCRA. "In each case, the parties request to proceed IFP, listing liabilities that far exceed assets. Curiously, however, despite the fact that they have received settlements from approximately a dozen different defendants, their assets and cash in their bank accounts remained unchanged." *Tuck v. Pacer Serv. Ctr. U.S. Cts.*, Case No. 17cv1720-BAS-KSC, 2017 WL 4050356, at *1 (S.D. Cal. Sept. 12, 2017). Judge Bashant then listed eleven cases in this district where Roy Tuck, Deborah Tuck, and their son Richard

---

[1] Tuck currently has three open cases: *Tuck v. Nat'l Credit Adjusters et al.*, No. 17cv00884-DMS-BGS (S.D. Cal.) (Complaint filed on May 1, 2017, and application to proceed IFP filed on May 1, 2017 remains pending.); *Tuck v. Capitol One Bank et al.*, No. 17cv01555-BEN-AGS (S.D. Cal.) (Complaint filed on May 1, 2017, and application to proceed IFP filed May 1, 2017 and Amended IFP application filed Aug. 11, 2017 remains pending and the topic of this order.); *Tuck v. Wells Fargo Bank et al.*, No. 17cv01595-JAH-JLB (S.D. Cal.) (Complaint filed on Aug. 8, 2017, and application to proceed IFP was denied on Oct. 20, 2017.); and two closed cases: *Tuck v. Collection at Law Inc. et al.*, No. 17cv01556-CAB-BLM (S.D. Cal.) (Complaint filed on Aug. 1, 2017, and application to proceed IFP denied on Oct. 26, 2017.); and *Tuck v. Paypal Credit*, No. 17cv01577-AJB-JMA (S.D. Cal.) (Complaint filed on Aug. 4, 2017, and application to proceed IFP denied on Oct. 30, 2017.)

Caruso settled with defendants during the past two years. The address Tuck listed in his Complaint here is the same address used by the plaintiffs in each of the eleven cases, and at least ten additional cases have been filed in this district over the past two years by the same plaintiffs at this address.[2]

In light of the foregoing, the Court remains unpersuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Considering the discrepancies between Tuck's two IFP applications, the number of other cases filed and later "settled" or "dismissed" in this Court by Plaintiff and others using the Vista address, the Court does not find Plaintiff to be credible in his claims of poverty and assertions that he is unable to afford the filing fee. Moreover, Plaintiff's admissions as to income received from his mother, combined with what appear to be minimal living expenses, indicates that Plaintiff is in fact able to afford the filing fee.

---

[2] These cases include: *Caruso v. Nat'l Recovery Agency*, No. 16cv534-WQH-JMA (Complaint filed on Mar. 2, 2016, and notice of voluntary dismissal with prejudice filed on Aug. 22, 2016.); *Caruso v. Cal. Bus. Bureau*, No. 16cv587-WQH-JMA (Complaint filed on Mar. 8, 2016, and case closed on Sept. 22, 2016 after joint motions to dismiss filed as to each defendant.); *Caruso v. Cal. Recovery Bureau*, No. 16cv902-BTM-DHB (Complaint filed on Apr. 14, 2016, and case settled at early neutral evaluation conference.); *Caruso v. Nat'l Recovery Agency*, No. 16cv1679-BAS-WVG (Complaint filed on June 29, 2016, and motion for judgment on pleadings granted on Apr. 28, 2017.); *Tuck v. HCC Sur. Grp. et al.*, 16cv230-CAB-DHB (S.D. Cal.) (Complaint filed on Jan. 29, 2016, and unopposed motion to dismiss granted on Oct. 19, 2016); *Tuck v. HCC Sur. Grp. et al.*, No. 16cv231-CAB-DHB (S.D. Cal.) (Complaint filed on Jan. 29, 2016, and unopposed motion to dismiss granted on Oct. 19, 2016); *Tuck v. Merch. Credit Ass'n*, No. 17cv626-BAS-MDD (S.D. Cal.) (Complaint filed on Mar. 28, 2016, and case settled on Aug. 22, 2017.); *Tuck v. Credit One Bank*, No. 17cv 1346-WQH-BLM (S.D. Cal.) (Complaint filed on July 3, 2017, and case *sua sponte* dismissed for failure to sign the complaint.); *Tuck v. Credit One Bank*, No. 17cv1363-JLS-WVG (S.D. Cal.) (Complaint filed on July 3, 2017, and case has settled with settlement disposition conference set for Nov. 29, 2017.); *Tuck v. States Recovery Sys., Inc.*, No. 17cv1813-GPC-NLS (S.D. Cal.) (Complaint filed on Sept. 7, 2017, and IFP denied on Oct. 5, 2017.)

Regardless, even if Plaintiff's Amended IFP Application, viewed in isolation, might otherwise justify allowing him to proceed IFP, IFP "status is a privilege which may be denied when abused." *Toodle v. Jones*, 02:09-CV-0944, 2009 WL 2230704, at *1 (W.D. Pa. July 23, 2009); *cf. In re Sindram*, 498 U.S. 177, 179-80 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Demos v. U.S. D. for E.D. of Wash.*, 925 F.2d 1160, 1160 (9th Cir. 1991) (denying IFP applications because the petition had "abused the privilege of filing petitions *in forma pauperis* in this court"); *Johnson v. Irby*, No. 1:09-CV-00003-MP-AK, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when 'the number, content, frequency, and disposition' of a litigant's filings show an abusive pattern.") (quoting *Hurt v. SSA*, 544 F.3d 308, 310 (D.C. Cir. 2008)).

## *CONCLUSION*

The more than two dozen consumer credit cases filed by Plaintiff and others at the same Vista address in the past two years along with requests to proceed IFP is an abuse of the IFP process. Accordingly, for all of these reasons, Plaintiff's Amended IFP Application is **DENIED**.

It is therefore **ORDERED** that to proceed with this lawsuit, Plaintiff must pay the filing fee no later than **January 15, 2018**. If the filing fee is not paid by that date, this case will be closed without further order from the Court.

It is further **ORDERED** that if Plaintiff applies to proceed IFP in another case in this district, he must attach a copy of this order to his IFP application. Failure to include this order with any IFP application filed after the date of this order will be considered contempt of this order and subject Plaintiff to sanctions. Plaintiff is further reminded that an IFP application is made under **penalty of perjury**, and any false statements may result in dismissal of claims, imprisonment, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

///

**IT IS SO ORDERED.**

Dated: December 19, 2017

Hon. Roger T. Benitez
United States District Judge